21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Plaintiff-Appellant,
v.
James GASPAR; Jeff Hood, Defendants-Appellees.
 No. 93-16813.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Michael Henry Ferdik appeals pro se the district court's summary judgment for prison officials in Ferdik's 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and reverse and remand in part.
 
 
 3
 We review de novo a grant of summary judgment. Jones v. Union P. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id.; Fed.R.Civ.P. 56(c).
 
 
 4
 "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 113 S.Ct. 2475, 2480 (1993). The Supreme Court has held that where prison officials are deliberately indifferent to the conditions of a prisoner's confinement that cause serious injury or pose an unreasonable risk of serious damage to the prisoner's future health, the Eighth Amendment's proscription against cruel and unusual punishment is violated. Id. at 2480-81; see LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993). A determination of whether prison officials' actions constitute a violation of the Eighth Amendment requires consideration of two elements: (1) objectively, whether the deprivation was sufficiently serious and (2) subjectively, whether the officials acted with a sufficiently culpable state of mind. LeMaire, 12 F.3d at 1451.
 
 
 5
 Ferdik contends that the district court erred by granting summary judgment for prison officials because the evidence he presented raised a genuine issue of fact as to whether officials acted with deliberate indifference to his medical needs by placing him in a double-bunked cell causing him to suffer severe medical problems and to risk future injury. See Helling, 113 S.Ct. at 2480-81. Viewing the evidence in the light most favorable to Ferdik, we conclude that summary judgment for prison officials was proper on Ferdik's claim that his confinement exposed him to an unreasonable risk of respiratory injury. The record demonstrates, however, that Ferdik has raised a genuine issue of material fact as to his claim that prison officials acted with deliberate indifference to his back condition. See Helling, 113 S.Ct. at 2480; Jones, 968 F.2d at 940.
 
 
 6
 In their summary judgment motion,[1] prison officials stated that Ferdik's court ordered evaluation indicated that there was "no medical reason [why Ferdik could not] be housed in a cell with another inmate." In support of this statement, prison officials relied on the affidavit of Dr. Robert A. White who reviewed Ferdik's medical condition. Dr. White concluded only that Ferdik was not "unduly susceptible to pneumonia so that he would warrant a single cell." Although Dr. White recognized that Ferdik suffered from chronic back pain and had been prescribed a back corset, Dr. White did not evaluate whether being placed in a double-bunked cell affected or could affect Ferdik's back condition.
 
 
 7
 In response to the prison officials' motion,[2] Ferdik provided his own affidavit and that of his cellmate, both of which focused on Ferdik's medical problems including his back condition. In his affidavit, Ferdik stated that he suffered from a spine and pelvis condition that made it especially difficult for him to climb up to a bunk. He also stated that his back condition had worsened as a result of having to sleep on the floor of his cell for three months. Ferdik's cellmate stated that Ferdik "had been incurring increasing back pain, and loss of mobility ... which the medical facility at Santa Rita has ignored."
 
 
 8
 After reviewing Ferdik's evidence and Dr. White's affidavit, we conclude that summary judgment for prison officials was proper as to Ferdik's claim that prison officials were deliberately indifferent to his respiratory condition. Ferdik, however, raised a genuine issue of material fact precluding summary judgment on his claim that prison officials acted with deliberate indifference by confining him to a double-bunked cell and potentially exposing him to back pain and risk of back injury. See Helling, 113 S.Ct. at 2480-81; Jones, 968 F.2d at 940. Accordingly, we reverse in part the district court's decision and remand the case for further proceedings.[3]
 
 
 9
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ferdik's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prison officials filed a cross-motion for summary judgment with their response to Ferdik's motion for summary judgment
 
 
 [2]
 After the district court advised Ferdik that he needed to respond to prison officials' motion, Ferdik filed a response consisting of an amplified version of his motion for summary judgment and supporting evidence
 
 
 [3]
 We deny prison officials' request for attorney's fees and costs under 42 U.S.C. Sec. 1988